UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAROLD DYKES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:12 CV 2299 CDP |
| CHRIS KOSTER, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

Petitioner Harold Dykes is currently on parole from the Southeast Correctional Center in Charlestown, Missouri. Dykes was convicted by a jury trial in the Circuit Court of the City of St. Louis, Missouri, for the Class C felony of stealing. Dykes was subsequently sentenced as a persistent offender to a term of fifteen years imprisonment.

This matter is before the court on Dykes's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dykes raises four grounds for relief. Since all of Dykes's grounds are either procedurally barred or are without merit the writ will be denied.

## I. Factual Background

In July 2004, Ben Carter took approximately $9,000 out of his safe deposit box to make a payment toward his car loan. On his way back home, two men stole

the $9,000 from Mr. Carter. Mr. Carter, at that time, was in his mid-seventies and unable to read or write. Mr. Carter's wife, now deceased, handled all of the Carters' bills.

On August 23, Dykes and a woman came to Mr. Carter's home and represented themselves as police officers by carrying a badge, handcuffs, and a gun. Dykes told Mr. Carter that his bank was dealing counterfeit money and that the police needed his help. Dykes wrote out a check to cash for $9,000 in Mr. Carter's checkbook and had Mr. Carter sign it. Dykes then accompanied Mr. Carter to cash the check. The two men drove in Mr. Carter's car. After visiting multiple banks, Mr. Carter received $3,000 in cash and a cashier's check for the remaining $6,000. Mr. Carter eventually cashed the cashier's check at another bank. Dykes told Mr. Carter he was going to take the money "downtown" and that Dykes would contact Mr. Carter the next day. After several days had passed with no contact from Dykes, Mr. Carter reported the incident to the police.

The police were able to recover a fingerprint from Mr. Carter's car, which matched Dykes's middle finger. Mr. Carter was then shown a photographic line-up and identified Dykes as the person claiming to be a police officer. Dykes was subsequently arrested and charged with stealing $500 or more by deceit.

At trial the prosecutor presented the testimony of several witnesses including the police detective assigned to the case, bank employees, evidence technician,

fingerprint examiner, and Mr. Carter. Additionally, the prosecutor introduced several exhibits including Exhibit 31 (technician report on the recovery of a latent fingerprint from Mr. Carter's car) and Exhibit 32 (fingerprint card containing the prints recovered from Mr. Carter's car). Dykes disputes whether Exhibit 32 was disclosed prior to trial, however, the record clearly indicates that Exhibit 31 was disclosed to defense counsel. After Exhibit 32 was published to the jury, Dykes's defense counsel noticed the letters "FBI" on the bottom of the card with several numbers. The trial court stated this could possibly refer to Dykes's criminal record and therefore ordered the exhibit to be taken down, but the court allowed the fingerprint technician to testify as to his analysis.

## II. Procedural Background

A jury found Dykes guilty of the class C felony of stealing and he was sentenced as a persistent offender to a term of fifteen years. Dykes appealed his conviction to the Missouri Court of Appeals raising two claims of plain error. First, Dykes claimed the trial court erred in not intervening, admonishing, and instructing the jury to disregard when the prosecutor delivered an improper opening statement. The prosecutor, in her opening statement, called Dykes a "heartless predator," "a cold, cruel, professional liar," and an "experienced con-man." Dykes's second point was similar except that it pertained to the

prosecutor's closing argument. The Missouri Court of Appeals found no error of law. *State v. Dykes*, 292 S.W.3d 583 (Mo. App. E.D. 2009); Resp. Ex. G.

Pursuant to Missouri Supreme Court Rule 29.15, Dykes filed a pro se post-conviction motion raising several claims. After being appointed counsel, Dykes filed an amended post-conviction motion whereby he raised seven claims of ineffective assistance of trial counsel including: (1) trial counsel was ineffective for failing to object to Exhibit 32 being sent back to the jury room after the trial judge ruled that State's Exhibit 32 should not be seen by the jury; (2) trial counsel was ineffective for failing to memorialize her objection to the jury being shown Exhibit 32 in motion for new trial; (3) trial counsel was ineffective in failing to conduct an independent fingerprint analysis on the fingerprint lifts taken from Mr. Carter's car; (4) trial counsel was ineffective for failing to memorialize her objection to the prosecutor repeatedly referring to Dykes as a "predator"; (5) trial counsel was ineffective in that she failed to object to the prosecutor introducing new evidence in closing argument by the prosecutor testifying herself as to her own participation in the investigation; (6) trial counsel failed to object to the charge enhancement; and (7) trial counsel failed to object to and failed to preserve for appeal the admission of Exhibits 26, 29, and 30 on the grounds that the evidence was tainted by the prosecutor talking with the victim and convincing him to change his testimony. Dykes also raised three claims of ineffective assistance of appellate

4

counsel including: (1) appellate counsel failed to raise on appeal the admission of Exhibit 32; (2) appellate counsel was ineffective for failing to raise the issue of the court's admission of Exhibits 26, 29, and 30 and; (3) appellate counsel was ineffective for failing to appeal the court's allowing the prosecutor in closing argument to testify as to her involvement in the investigation of the charges against Dykes. On February 10, 2011, the motion court, after considering all of the claims and conducting an evidentiary hearing, denied Dykes's post-conviction motion. Resp. Ex. I at pp. 69-72.

On post-conviction appeal, Dykes raised three points. First, Dykes challenged the denial of the claims related to Exhibit 32 being sent to the jury. Second, Dykes claimed it was an error for the motion court to find the prosecutor's comments during closing argument regarding his involvement with the investigation proper rebuttal argument. Third, the motion court erred in finding appellate counsel was not ineffective in failing to raise the issue of Exhibit 32's admission and publication to the jury. The Missouri Court of Appeals affirmed the motion court's decision. *Dykes v. State*, 367 S.W.3d. 679 (Mo. App. E.D. 2012); Resp. Ex. N.

### III. Grounds Raised

Dykes now seeks federal habeas corpus relief, asserting the following grounds:

>  (1) Ineffective assistance of trial and appellate counsel in failing to raise issue of *Brady* violation concerning Exhibit 32.

(2) Ineffective assistance of trial counsel in failing to object to a un-redacted copy of Exhibit 32 being sent to the jury during deliberations and failure of appellate counsel to raise this issue on direct appeal.

(3) Ineffective assistance of trial and appellate counsel in connection with the admission of Exhibits 26, 29, and 30 because those exhibits were tainted by alleged prosecutorial misconduct in reviewing exhibits with the victim prior to trial.

(4) Ineffective assistance of trial and appellate counsel in failing to raise issue of improper penalty enhancement.

**IV. Discussion**

The State argues all of Dykes's asserted grounds, except Ground 2, are procedurally defaulted because Dykes failed to raise them at each step of the state court proceedings. Additionally, the State claims Dykes has failed to show cause and prejudice excusing the default of these three claims. As to Ground 2, the State argues deference should be given to the state courts' decisions finding the ground to be unmeritorious. I conclude that Grounds 1, 3, and 4 are procedurally defaulted, and Ground 2 will be discussed on its merits.

Exhaustion of Remedies and Procedural Bar: Grounds 1, 3, and 4

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. *Id.* at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996).

6

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims'…is procedurally barred from raising them in a federal habeas corpus action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (citation omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Adullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). "Fairly present" means that state prisoners are required to "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue'…" *Id.* at 411–12. A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995)(per curiam)).

The United States Supreme Court has held a state prisoner can overcome procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. In *Coleman*, the Court explained "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can

show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must make a showing of actual innocence based on "new reliable evidence that he was innocent of the crime of which he was convicted." *Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010).

Recently, the Supreme Court adopted a limited qualification to its holding in *Coleman*. *Martinez v. Ryan*, 132 S. Ct. 1309, 1319 (2012). The Court held that "a procedural default will not bar a federal habeas corpus court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id.* at 1320. This exception should not be confused with 28 U.S.C. § 2254(i), which provides "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." *Id.* at 1320 (quoting 28 U.S.C § 2254(i)). The holding in *Martinez* allows a petitioner to claim ineffective assistance of post-conviction counsel to establish "cause" for a procedural default of a habeas corpus claim of ineffective assistance

of trial counsel, however, it does not allow the petitioner to rely on the same as a ground for relief. *Id.* Additionally, this exception does not apply if the State demonstrates the ineffective assistance of trial counsel claim is unsubstantial or non-meritorious. *Id.* at 1319. Also, for claims raised in the motion court but abandoned on appeal, ineffective assistance of post-conviction appeal counsel is not cause that excuses procedural default. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

In Ground 1, Dykes claims he received ineffective assistance of trial counsel in connection with the State's failure to timely and properly disclose State's Exhibit 32 (latent fingerprint card) before trial. Dykes raises two claims within this ground: (1) trial counsel was ineffective in not objecting to the State's untimely disclosure of Exhibit 32 and; (2) trial and appellate counsel were ineffective in failing to raise the alleged *Brady* violation. The State characterizes the entire ground as a possible discovery violation. Regardless of how it is characterized, Dykes did not raise this ground in his motion for post-conviction relief. Therefore, Dykes is procedurally barred from raising Ground 1 in his habeas corpus petition unless, under *Martinez*, Dykes can demonstrate he suffered prejudice from the ineffective assistance of post-conviction counsel by not raising a substantial claim of ineffective assistance of trial or appellate counsel.

As for the ineffective assistance of trial counsel claim, Dykes purports his trial counsel did not object to the State failing to disclose Exhibit 32 prior to its admission, resulting in prejudice to Dykes. There is no evidence on the record that the State failed to disclose Exhibit 32. However, assuming without deciding, that the State violated a discovery rule in not disclosing Exhibit 32, Dykes's claim would still be unmeritorious since Dykes is unable to demonstrate he suffered any prejudice. Dykes alleges that if Exhibit 32 was timely disclosed then he could have presented expert testimony stating the fingerprint came from a rolled-file and was not lifted from Mr. Carter's car. However, the record indicates defense counsel and Dykes both knew long before trial that a fingerprint, incriminating Dykes, was taken from Mr. Carter's car. With this information, Dykes did not present the testimony of an expert, nor does he now allege any expert that could have testified. Therefore, Dykes has failed to demonstrate his post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel.

Dykes alleges ineffective assistance of trial and appellate counsel for failing to present the alleged *Brady* violation regarding the State's failure to disclose Exhibit 32. This claim is completely without merit, since the State's alleged failure to disclose Exhibit 32 is not a *Brady* violation. To establish a *Brady* violation, the undisclosed evidence must be material, exculpatory, and have been suppressed by the government. *United States v. Vieth*, 397 F.3d 615, 619 (8th Cir.

2005). Here, the allegedly undisclosed evidence was a latent finger print card containing Dykes's fingerprint lifted from Mr. Carter's car. As the State points out, this evidence is inculpatory, not exculpatory. Furthermore, Dykes fails to demonstrate that the prosecutor suppressed this evidence. The prosecutor notified Dykes's counsel that Dykes's fingerprint was lifted from Mr. Carter's car and the record indicates that the prosecutor disclosed the fingerprint technician's report. Therefore, Dykes's ineffective assistance of trial and appellate counsel claims are unmeritorious.

Dykes is unable to demonstrate ineffective assistance of post-conviction counsel in not raising a substantial claim. Thus, Dykes fails to establish "cause" for his procedural default of Ground 1 under *Martinez*. Therefore, Ground One of Dykes's habeas corpus petition is procedurally barred.

In Ground 3, Dykes claims ineffective assistance of trial and appellate counsel in connection with the admission of Exhibits 26, 29, and 30 as those exhibits were "tainted" by alleged prosecutorial misconduct. Dykes alleges it was improper for the prosecutor to review those exhibits with the victim before trial. Dykes claims trial counsel was ineffective in failing to object to the admission of exhibits 26, 29, and 30 at trial and appellate counsel failed to pursue this issue on appeal. Dykes raised both these issues in his amended motion for post-conviction

relief. However, Dykes failed to raise this Ground in his post-conviction appeal. Therefore, Dykes procedurally defaulted this ground.

Dykes claims, under *Martinez*, that his procedural default of Ground 3 is excused by the ineffective assistance of post-conviction counsel. This allegation is without merit because Dykes's post-conviction counsel did raise this issue in Dykes's motion for post-conviction relief. Dykes's post-conviction appeal is where he defaulted this claim; ineffective assistance of post-conviction appeal counsel does not establish "cause" permitting a procedurally defaulted claim to be raised. *Arnold*, 675 F.3d at 1087. Therefore, as Dykes failed to raise this claim on post-conviction appeal and is unable to establish "cause," this claim is procedurally defaulted.

In Ground 4, Dykes claims he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel when they failed to assert that Missouri's sentence enhancement statute was inapplicable to Dykes's charged offense. Dykes claims it was improper under R.S.Mo. § 558.016 to enhance his sentence for the Class C felony of stealing because stealing is a "code" offense and R.S.Mo. § 570.021.3 states that § 558.016 only applies to "non-code" offenses. Dykes also claims he repeatedly informed counsel of this claim, however, all of his lawyers failed to raise the issue. Though Dykes raised a different issue regarding

improper charge enhancement in his motion for post-conviction relief, Dykes did not raise this issue. Therefore, Dykes's Ground 4 claim is procedurally barred.

Dykes is unable to rely on *Martinez* to establish "cause" for his procedural default because Dykes's claims of ineffective assistance of trial and appellate counsel are unmeritorious. First, Dykes was convicted of the class C felony of stealing which is codified at R.S.Mo. § 570.030.3(1). Dykes was sentenced, under R.S.Mo. § 558.016, as a persistent offender to fifteen years imprisonment. Section 558.016 does not reclassify an offense but rather allows for a persistent offender to have a one higher degree sentence. Thereby, Dykes was sentenced to fifteen years imprisonment, the maximum allowed for a class B felony, for his conviction of the class C felony of stealing as a persistent offender. Dykes's allegation that § 558.016 does not apply to the "code" offense of stealing under § 570.030 is incorrect. *See Dodds v. State*, 60 S.W.3d 1 (Mo. App. E.D. 2001). Dykes does not have a substantial or meritorious ineffective assistance of trial or appellate counsel claim therefore his post-conviction counsel was not ineffective in not raising the issue.

Remaining Ground for Relief

Under subsection (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the

merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
> 28 U.S.C. § 2254(d).

The Eighth Circuit has articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decision's but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

*Shafer v. Bowersox*, 329 F.3d 637, 646–47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (quoting U.S.C. § 2254(d)(2))

(citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

In Ground 2, Dykes claims his trial counsel was ineffective in failing to object to an un-redacted copy of Exhibit 32 being sent to the jury during deliberations, and that appellate counsel was ineffective for failing to raise this claim on direct appeal.

After the trial court admitted Exhibit 32 into evidence and published the exhibit to the jury, Dykes's trial counsel noticed the exhibit had handwriting on it, stating "FBI" and several numbers. The handwriting was believed to reference Dykes's criminal record and therefore the trial court ordered the prosecutor to take down the exhibit from the video screen and not show or talk about the numbers to the jury. The fingerprint technician was allowed to testify as to whether Exhibit 32 matched a set of rolled prints, but not as to where the rolled prints came from. During deliberations the jury asked for "all evidence admitted to court." The trial court responded "all exhibits provided," but did not specify which exhibits were being sent to the jury.

In the evidentiary hearing for Dykes's motion for post-conviction relief, the prosecutor testified that Exhibit 32 was removed from the courtroom by the fingerprint examiner after he testified. Though Exhibit 32 was not officially withdrawn from evidence, the prosecutor testified, to her knowledge, Exhibit 32

was not sent to the jury. Dykes's defense counsel could not remember whether or not the exhibit was sent back to the jury. Dykes's appellate counsel believed the judge's comments at trial excluded Exhibit 32 from evidence and therefore did not pursue the issue in Dykes's direct appeal.

The motion court, after conducting an evidentiary hearing, found against Dykes on this ground. The court concluded Dykes's "claim that [E]xhibit 32, fingerprint card, was given to the jury is not credible. There is no evidence in the trial transcript or record to support this allegation. In fact, the record indicates otherwise." The Missouri Court of Appeals upheld the motion court's decision by determining Dykes failed to show that Exhibit 32 actually went to the jury.

Dykes argues, contrary to the prosecutor's testimony, the motion court's finding, and appellate court's holding, that the transcript evidences Exhibit 32 was submitted to the jury. However, all the transcript reads is the jury requested "all evidence admitted to court" and the court responded "all evidence provided."

Dykes has failed to demonstrate by clear and convincing evidence that the state court's findings of fact do not enjoy support in the record. In light of the evidence presented, the state courts made a reasonable determination that Exhibit 32 was not sent back to the jury. Since Dykes failed to demonstrate Exhibit 32 was sent to the jury, Dykes's trial counsel was not ineffective for not preventing the exhibit from going to the jury. Additionally, just as with the state courts'

16

determination, Dykes's appellate counsel was not unreasonable in finding that Exhibit 32 was not sent back to the jury. Therefore, Dykes's claim that his trial and appellate counsel were ineffective regarding Exhibit 32 being sent to the jury fails.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Dykes's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Harold S. Dykes for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                                         CATHERINE D. PERRY
                                                                         UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2013.